A94A0195. NULL v. THE STATE.
(441 SE2d 82)

BIRDSONG, Presiding Judge.

Billy J. Null appeals the order of the superior court transferring this case to Tattnall County Superior Court after concluding that appellant's " 'motion' is in the nature of a habeas corpus action." This court subsequently issued an order directing that this case be transferred to the Supreme Court of Georgia. The Supreme Court determined that appellant had filed a pro se "motion to correct sentence" in regard to a life sentence imposed for an armed robbery conviction, and transferred this case back to this court for appellate adjudication.

Appellant asserts that he was indicted for murder, kidnapping and armed robbery; he was convicted of these offenses on May 31, 1990, and sentenced to one concurrent term and two consecutive

terms of life imprisonment for the three offenses, respectively. The State does not dispute this claim. Appellant further asserts that, on September 30, 1992, appellant filed a motion to correct sentence with the Gwinnett County Superior Court. In this motion, appellant argued that jurisdiction was conferred by virtue of Ga. Const. 1983, Art. I, Sec. II, Par. V and OCGA §§ 9-12-16; 17-9-4. Appellant's motion was ordered by the Gwinnett County Superior Court to be transferred to the \Superior Court of Tattnall County to be filed as a habeas corpus action.

Appellant's sole enumeration is the trial court erred in refusing to rule on his motion to correct sentence on the ground that it was in the nature of a habeas corpus proceeding. *Held*:

Appellant's motion cannot be construed as a petition for habeas corpus, as it was filed in the county in which he was convicted, rather than against the warden in the county in which he is incarcerated. *Lacey v. State*, 253 Ga. 711 (324 SE2d 471). Moreover, a habeas corpus petition is neither the exclusive nor sole remedy for incarceration for a void sentence where a new and valid sentence can be imposed. *Jefferson v. State*, 205 Ga. App. 687 (1) (423 SE2d 425); *McCranie v. State*, 157 Ga. App. 110, 111 (2, 3) (276 SE2d 263). Here, " ' "[i]f the sentence imposed was a void sentence, then a new and valid sentence can be imposed by the trial judge at any time." ' " *Jefferson*, supra; *Gonzalez v. State*, 201 Ga. App. 437 (411 SE2d 345).

Accordingly, the order of the Superior Court of Gwinnett County transferring this matter to the Superior Court of Tattnall County is hereby vacated, and this case is remanded to the Superior Court of Gwinnett County for disposition consistent with this opinion.

*Judgment vacated and remanded with direction. Cooper and Blackburn, JJ., concur.*

DECIDED FEBRUARY 3, 1994.

Billy J. Null, *pro se.*

Daniel J. Porter, District Attorney, Debra K. Turner, *Assistant District Attorney*, for appellee.

